### In re GRISCOM.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

1. APPEAL—PARTIES AGGRIEVED.

Upon appeal from an order vacating a subpœna issued by a justice of the supreme court, directing a witness to appear and testify before a commissioner in New York appointed by the royal Prussian see-amt in a matter under investigation before it, the appeal was taken in the name of the German government, the see-amt, and the commissioner. *Held*, that they were not "parties aggrieved," within the meaning of Code Civ. Proc. § 1294, relating to appeals.

2. PARTIES—GERMAN GOVERNMENT.

The German government cannot be a party, in a legal sense; that name being but the popular appellation given to a defined national entity or body politic.

**3. APPEAL—PARTIES.**

An investigating body, being unable to be a party before itself, cannot be a party to an appeal from an order vacating a subpœna issued upon a commission sent out by the body.

Appeal from special term, New York county.

In the matter of Clement A. Griscom. Appeal from order setting aside a subpœna. Dismissed.

The royal Prussian see-amt, at the city of Danzig, issued a commission to an attorney in New York, appointing him a commissioner, and empowering him to examine one Griscom in a matter under investigation by the see-amt. Upon the commission and other papers, a justice of the supreme court issued a subpœna requiring Griscom to appear and testify. Subsequently, upon the latter's motion, an order was entered vacating and setting aside the subpœna; and from the latter order an appeal was taken in the name of the German government, the Danzig see-amt, and the commissioner.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

R. Dulon, for appellant.
C. M. Hough, for respondent.

BARRETT, J. Under section 1294 of the Code of Civil Procedure, it is only "a party aggrieved" by an order of the special term who may appeal therefrom. There is no such party here. The German government is not a party to the proceeding, either here or abroad. Indeed, there is no such party, in a legal sense, as the German government. That is but the popular appellation given to a defined national entity or body politic. Nor is the see-amt a party. It is the investigating body. And such a body cannot be a party before itself. If it cannot be a party before itself, it cannot well be a party here. Lastly, the commissioner is not in any sense a party. It is quite clear, therefore, that there is no party aggrieved by the order appealed from, within the meaning of the Code, and consequently the appeal must be dismissed. All concur.